# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BILLY G. ASEMANI, #339-096 | * | |
| | * | |
| Petitioner, | * | Civil Action No. RDB-16-3729 |
| | * | |
| v | * | |
| | * | |
| JOHN WOLFE, Warden, | * | |
| DEPARTMENT OF HOMELAND | * | |
|   SECURITY, IMMIGRATION AND | * | |
|   CUSTOMS ENFORCEMENT, | * | |
| | * | |
| Respondents | * | |
| | *** | |

## MEMORANDUM OPINION

Billy G. Asemani is a self-represented litigant who is incarcerated at Eastern Correctional Institution. He is serving a thirty year sentence for attempted second degree murder following his entry of a guilty plea in 2006 in the Circuit Court of Maryland for Howard County. Asemani filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, seeking to lift a detainer lodged by the Department of Homeland Security. Asemani also filed a motion for leave to proceed in forma pauperis. For reasons to follow, this case will be dismissed without prejudice.

Asemani states that on July 22, 2016, he was awarded a $4 million dollar judgment in the Circuit Court of Maryland for Allegheny County against the Islamic Republic of Iran. See http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=01C10034739&loc=5& detailLoc=CC. He claims that he filed the state case pursuant to the Foreign Sovereign Immunities Act, ("FSIA"), 28 U.S.C. §1602[1] and that "before any court, state or federal, may

---

[1] The FSIA is the sole basis for obtaining jurisdiction over a foreign state in federal court. *See Samantar v. Yousuf*, 560 U.S. 305, 314 (2010).

entertain a FSIA case, it must first conclude that plaintiff/claimant is a "United States National." ECF 1. [2] Asemani supposes, therefore, that the Maryland Circuit Court determined him a United States national.  Based on this presumed determination of his national status, he now seeks to invalidate the Department of Homeland Security's detainer.

## BACKGROUND

Asemani is an Iranian native and citizen who entered the United States on a student visa and received an adjustment of status to lawful permanent resident.  Asemani filed applications for citizenship in August 1997 and 1999, but never completed the naturalization process. *See Asemani v. Attorney General of the United States*, 140 Fed. Appx. 368 (3rd Cir. 2005).

In 1999, Asemani was indicted on twelve counts of criminal health care fraud for practicing dentistry without a license.  Later that month he went back to Iran for over a year, returning to the United States in October 2000.  He pleaded guilty to eleven counts in the indictment and on May 8, 2001, was sentenced to thirty months of incarceration.

While Asemani was in federal custody, the then Immigration and Naturalization Service ("INS") (now, the Bureau of Immigration and Customs Enforcement ("BICE")), initiated removal proceedings, charging him as a deportable alien under the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") for commission of crimes involving moral turpitude within ten years of his acquiring the status of lawful permanent resident. 8 U.S.C. §1227(a)(2)(A)(i)(I); *see Asemani v. Attorney General of the U.S.*, 140 Fed. Appx. at 368.

During the time Asemani's removal proceedings were pending, he filed a complaint in the United States District Court for the District of Columbia under the FSIA against the Islamic Republic of Iran for his alleged torture and false detention based on his religious affiliation.

---

[2]  Clerk's Office staff in the Circuit Court for Allegheny County has confirmed the judgment was entered.  Circuit Court Clerk's Office staff was unable to locate any documentation to confirm Asemani's assertion that the state court declared him a U.S. national.

BICE was not named in the complaint and did not participate in these proceedings. The District Court determined Asemani was a "national" of the United States for purposes of the FSIA and he had standing to maintain the action. *See Asemani v. Islamic Republic of Iran*, 266 F.Supp.2d 24, 26–27 (D.D.C. 2003).[3] The court, however, denied without prejudice Asemani's motion for judicial declaration of nationality pursuant to 8 U.S.C. § 1503(a) and 28 U.S.C. § 2201. *See id.* The court noted that such a declaration is only authorized where a claim is brought against the government for denying a claimant his rights and privileges as a United States national. *See id.* at 27. Further, a court may not make a declaration of nationality pursuant to §1503 if nationality "is in issue in any [ ] removal proceeding. 8 U.S.C. § 1503(a)." *Id.*

Asemani has exhaustively litigated in federal courts the issue of whether he is a U.S. States national.[4] Relying on the District Court for the District of Columbia's decision, Asemani filed habeas corpus petitions to terminate his removal by arguing he is a U.S. national and not subject to immigration law, including removal proceedings. Asemani filed habeas petitions in four different district courts, thereby "creating a procedural tangle." *See In re Asemani*, 455 F.3d 296, 297 n. 1 (U.S. App. D.C. 2006).[5] These efforts, as well as Asemani's subsequent cases in

---

[3] Only U.S. nationals can bring actions against a foreign government for such conduct under the FSIA. *In re Asemani*, 455 F. 3d. 296, 297 n. 1.

[4] Asemani is a frequent self-represented litigator in this and other federal and state courts. For example, in 2012, the United States District Court for the Eastern District of Pennsylvania commented in a footnote that Asemani had filed some eighty civil lawsuits in federal district courts and participated in approximately fifty matters before the federal courts of appeals. *Asemani v. Secretary of Homeland Security*, 2012 WL 987484 *1 (E.D. Pa. March 22, 2012). The United States Supreme Court restricted Asemani's access to the Court for repeatedly abusing its process. *Asemani v. Chronister*, 561 U.S. 1003 (2010) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1."). Asemani continues to file suit in the District of Maryland, other federal courts, and in state court. *See e.g.* https://pcl.uscourts.gov/view?rid=IjMhZI8C2TsLfzBRkrvB4mEa9o3FGsjpvSnfhkum&page=1 (listing more than 130 federal actions filed by Asemani); http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis (listing 74 Maryland state cases filed by Asemani).

[5] *See Asemani v. Ridge*, No. 03–CV–6833 (E.D. Pa. Oct. 1, 2004); *Asemani v. Ridge*, No. 3–CV–04–0135 (M.D. Pa. Jan. 30, 2004); *Asemani v. DHS*, No. 04–CV–00485 (D.D.C. June 3, 2004), *Asemani v. BICE*, No. 05–CV–00987 (D. Md. June 13 2005). These cases reflect the different districts where Asemani was in custody.

this regard, have proved consistently unsuccessful. *See e.g. Asemani v. Department of Justice*, Civil Action No. 10-1548, 2010 WL 3730970 (D. D.C   September 15, 2010) (dismissing complaint for lack of standing); *Asemani v. Napolitano*, Civil Action No. RDB-10-1029, 2010 WL8813521 (D. Md. May 4 2010) (dismissing complaint requesting adjudication of his citizenship application as frivolous); *Asemani v. Mukasey, et. al*, Civil Action No. RWT-08-347 2008 WL 6581129 (D. Md. March 11, 2008) (noting the narrow ruling on Asemani's ability to bring the FSIA claim had no bearing whether he was lawfully detained as an alien subject to removal proceedings).

## DISCUSSION

Asemani provides no evidence that he has been issued a certificate of naturalization by the U.S. Citizenship and Immigration Services. As noted, Asemani provides no documentation to support his claim that he was adjudged as U.S. national by the state court.  Further, this Court is unaware that the FSIA or any other law authorizes a state trial court to determine a foreign born person's United States citizenship, alien status, or national status, and Asemani provides no information to the contrary.  Lastly, Asemani provides no evidence that after obtaining the state court judgment and before filing this Petition, he exhausted his administrative remedies. Asemani's assertion that the instant Petition is not another attempt to contest his removal, but to "obtain relief as it pertains to that orders' enforceability," is unpersuasive. (ECF 1 at 4).

The Petition does not satisfy the standard for a Certificate of Appealabilty. A Certificate of Appealability may issue only if there is a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c), and the Petition does not meet this standard.  Accordingly, this Court declines to issue a Certificate of Appealability.

**CONCLUSION**

For these reasons, this case will be dismissed without prejudice.  A separate Order

follows.

*November 30, 2016*
Date

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE